UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL MARTINKA,<br><br>                              Plaintiff,<br><br>         - against -<br><br>TIME INC.<br><br>                              Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiff Paul Martinka ("Martinka" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Time Inc. ("Time") hereby alleges as follows:

## **NATURE OF THE ACTION**

1.     This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of two photographs of 2016 Republication Presidential nominee John Kasich eating pizza, owned and registered by Martinka, a New York City based photojournalist. Accordingly, Martinka seeks injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## **JURISDICTION AND VENUE**

2.     This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.     This Court has personal jurisdiction over Defendant because Defendant resides in and/or are transacting business in New York.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.     Martinka is a professional photojournalist in the business of licensing his photographs to online, print and television stations for a fee, having a usual place of business at 593 Vanderbilt Avenue, Suite 151, Brooklyn, New York, 11238. Martinka's photographs have appeared in many publications around the United States.

6.     Upon information and belief, Time is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 225 Liberty Street, New York, New York, 10281. Upon information and belief, Time is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Time has owned and operated a website at the URL: Time.com (the "Website").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photographs**

7.     On March 30, 2016 Martinka photographed GOP Presidential candidate John Kasich eating pizza at Gino's Pizzeria and Restaurant in Queens, New York (the "Photographs"). A true and correct copy of the Photographs are attached hereto as Exhibit A.

8.     Martinka then licensed the Photographs to The New York Post. On May 30, 2016, The New York Post ran an article that featured the Photographs on its web edition entitled *WTF is wrong with John Kaisch?* See http://nypost.com/2016/03/30/john-kasich-wont-win-many-votes-eating-pizza-like-this/. Martinka's name was featured in a gutter credit identifying him as

the photographer of the Photographs. A true and correct copy of the Photographs in the article is attached hereto as Exhibit B.

9.      Martinka is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10.      The Photographs were registered with United States Copyright Office and were given Copyright Registration Number VA 2-008-605.

**B.      Defendant's Infringing Activities**

11.      Upon information and belief, on or about May 1, 2016, Time ran an article on the Website by Time Staff entitled *Watch President Obama's Full Routine at the White House Correspondents' Dinner.* See http://time.com/4313643/white-house-correspondents-dinner-2016-president-obama-video/. The article prominently featured the Photographs in a video that is directly stored on Time servers and that could be shared via Facebook and Twitter using Time's link: http://ti.me/1Z0izAQ. A true and correct copy of the Photographs in the video and a copy of the Time's link on the video is attached hereto as Exhibit B.

12.      Time did not license the Photographs from Plaintiff for its article, nor did Time have Plaintiff's permission or consent to publish the Photographs on its Website.

13.      Time did not have Plaintiff's permission to allow the public to share the video with the Photographs to the public via their code: http://ti.me/1Z0izAQ.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST TIME)**
**(17 U.S.C. §§ 106, 501)**

14.      Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15.     Time infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the the Photographs on the Website. Time is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

16.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17.     Upon information and belief, the foregoing acts of infringement by Time have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

20.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

21.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting further infringement of Plaintiff's copyrights and exclusive rights under copyright.

**SECOND CLAIM FOR RELIEF**

## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST TIME (17 U.S.C. § 1202)

22.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23.     Upon information and belief, in its article on the Website, Time intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

24.     The conduct of Time violates 17 U.S.C. § 1202(b).

25.     Upon information and belief, Time's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

26.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Time intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs. Time also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs.

27.     As a result of the wrongful conduct of Time as alleged herein, Plaintiff is entitled to recover from Time the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Time because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

28.     Alternatively, Plaintiff may elect to recover from Time statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     That Defendant Time be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2.     The Defendant Time be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3.     That Defendant, and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, licensees and all persons or entities acting in concert or participation with Defendant, be enjoined from copying, reproducing, distributing, adapting, or publicly displaying Plaintiff's Photographs, pursuant to 17 U.S.C. § 502.

4.     Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

5.     That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management

information and/or removal or alteration of copyright management information

committed by Defendant pursuant to 17 U.S.C. § 1203(c);

6.      That Defendant be required to account for all profits, income, receipts, or other

benefits derived by Defendant as a result of its unlawful conduct;

7.      That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to

17 U.S.C. § 505;

8.      That Plaintiff be awarded pre-judgment interest; and

9.      Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal

Rule of Civil Procedure 38(b).


Dated: Valley Stream, New York
        September 13, 2016


LIEBOWITZ LAW FIRM, PLLC

By: /s/ Richard Liebowitz
      Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Paul Martinka*